

ENTERED
04/17/2009

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| **MARCO A. CANTU**, *et al*, | § | Case No. 08-70260 |
| Debtor(s). | § | |
| | § | Chapter 11 |
| | § | |
| **MARCO A. CANTU,** | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | Adversary No. 08-07030 |
| | § | |
| **FORD MOTOR COMPANY,** *et al*, | § | |
| Defendant(s). | § | Judge Isgur |

### MEMORANDUM OPINION ON PLAINTIFF MARCO A. CANTU'S MOTION TO RECONSIDER

### Background

Between January 16 to April 13, 2007, Plaintiff Marco A. Cantu ("Cantu") represented plaintiffs in *Lopez v. Ford Motor Company* ("the *Lopez* case"), Cause No. DC-04-254, in the 229th Judicial District Court of Starr County, Texas. The *Lopez* case concerned Mr. Lopez's death as a result of a car accident involving a Ford-manufactured car. Cantu alleges that during jury deliberations in the *Lopez* case, Virginia Halos, the jury foreman, made slanderous statements about Cantu that caused the *Lopez* jury to vote and sign off on a take-nothing verdict. Specifically, Cantu alleges that the source of the slanderous statements was Ford Motor Company and its counsel.

In this adversary proceeding, Cantu is suing Defendant Ford Motor Company and its counsel[1] ("Defendants") from the *Lopez* case for alleged slander, civil conspiracy, negligence,

---

[1] Originally, Cantu also named as defendants Virginia Halos and Anna Maria Saenz, the court coordinator for the 229th District Court during the *Lopez* case. However, at the November 10, 2008 pre-trial conference, the Court dismissed Virginia Halos as a defendant for lack of liability. At the February 24, 2009 Motion to Reconsider Dismissal hearing, the parties agreed that Anna Maria Saenz remains dismissed as a defendant.

and negligent supervision. Cantu seeks damages in the amount of $67.5 million dollars, which represents Cantu's percentage share of the alleged $150 million dollar verdict that would have been rendered but for the alleged slander.

## Procedural History of the Motion to Reconsider

On December 15, 2008, the Court ordered this adversary proceeding dismissed without prejudice (docket no. 39) pursuant to Bankruptcy Rule 7012(b) and Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") after Cantu failed to respond to some of the Defendants'[2] Motion to Dismiss for Failure to State a Claim (docket no. 28). Two days later, Cantu filed a Motion to Reconsider Granting of Motion to Dismiss for Failure to State a Claim ("Motion to Reconsider") (docket no. 40).

The Court heard oral arguments on Cantu's Motion to Reconsider on February 24, 2009. At the end of the hearing, in the interest of justice, the Court orally granted Cantu one last opportunity to supplement its Motion to Reconsider by filing a second amended complaint.[3] Cantu's counsel, Mr. Juan Rocha, was seriously ill during the case. Cantu's original failure to respond to the Motion to Dismiss was attributable to Mr. Rocha's illness. Based on these facts, the Court found that it should not dismiss the case for failure to state a claim without giving Cantu another opportunity to amend. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[O]ur cases support the premise that 'granting leave to amend is especially appropriate . . . when the trial court has dismissed the complaint for failure to state a claim[.]'" (quoting *Griggs v. Hinds Junior Coll.*, 563 F.2d 179, 180 (5th Cir. 1977) (per

---

[2] All Defendants filed the Motion to Dismiss, except for defendant Larry Wilson, and former defendants Virginia Halos and Anna Maria Saenz.

[3] When this adversary proceeding was removed to the Bankruptcy Court, Cantu had already filed a First Amended Original Petition in state court (docket no. 1-4).

curiam))). The Court ordered Cantu to supplement its Motion to Reconsider with a second amended complaint by March 6, 2009 and Defendants to respond by March 17, 2009.

## The Pleading Standard

Bankruptcy Rule 7008 adopts Federal Rule of Civil Procedure 8 ("Rule 8") as the pleading standard. FED. R. BANKR. P. 7008; FED. R. CIV. P. 8. As stated in *Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. While a complaint attacked by a Rule (12)(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Before Cantu filed his Second Amended Original Petition (docket no. 51), he failed to plead facts to support his claims of slander, civil conspiracy to commit slander, negligence, and negligent supervision in his First Amended Original Petition (docket no. 1-4). Other than alleging that "[d]uring the course of [jury deliberations] on April 13, 2007 [in the *Lopez* case], Defendant Virginia Halos, . . . foreman of the jury, stated that [Cantu] . . . had attempted to bribe a jury [sic] in a prior case," Cantu only states conclusions to support his claims in his First Amended Original Petition:

(1) With respect to slander, Cantu only claims "[u]pon information and belief, the slanderous statement regarding . . . Cantu originated from Defendant Jaime Saenz . . . ."

(2) With respect to civil conspiracy, Cantu only asserts "all Defendants herein conspired with each other to have defamatory comments concerning [Cantu] . . . made within the jury room while the jury deliberated the *Lopez* case, with the unlawful intent to tamper with the jury and affect their verdict."

(3) With respect to negligence, Cantu only declares "[o]n the occasion in question, Defendants herein were negligent in making, publishing, and allowing the release of false statements . . . ."

(4) With respect to negligent supervision, Cantu only pleads "[o]n the occasion in question, [certain d]efendants were negligent in supervising their respective employees, agents, and/or attorneys . . . ."

These allegations do not rise above the speculative level. Rather, they are blanket conclusions without any showing of facts and do not meet the requirements of Rule 8. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

However, Cantu's Second Amended Original Petition does contain allegations that rise above the speculative level. Specifically, Cantu claims that Veronica Alaniz, another juror in the *Lopez* case, asked Virginia Halos how she knew that Cantu had attempted to bribe a juror in the prior case. Virginia Halos responded that some of Ford's people had given her the information.

This allegation connects the alleged slander to Defendants and supports Cantu's claims of slander, negligence, and negligent supervision. Additionally, the allegation permits an inference that there was an actual agreement between Defendants to conspire. *Gilbert v. Outback Steakhouse of Fla., Inc.*, 295 F.App'x 710, 713 (5th Cir. 2008) ("The plaintiff's pleadings must both '(1) provide notice of circumstances which give rise to the claim [and] (2) set forth sufficient information to . . . permit inferences to be drawn that [the] elements exist." (quoting *Beanal v. Freeport-McMoran, Inc.,* 197 F.3d 161, 164 (5th Cir. 1999))).

Cantu's Second Amended Original Petition meets the requirements of Rule 8. "'The question [regarding a Rule 12(b)(6) motion] is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief.'" *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) (quoting CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (1969)). "'[U]nless

it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the complaint should not be dismissed. *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

In Defendants' response to Cantu's Second Amended Original Petition (docket no. 52), Defendants argue that the Court should not accept as true facts alleged in the pleading because Cantu's story keeps changing. Defendants' argument is without merit. None of Defendants' cited authorities support their argument.[4] Furthermore, "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Instead, Rule 12(b)(6) operates "on the assumption that the factual allegations in the complaint are true." *Id.* at 326; *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508 n.1 (2002)*; Beanal*, 197 F.3d at 164.

Defendants also object to Cantu's submission of two affidavits with its Second Amended Original Petition because the affidavits are: (1) based on inadmissible hearsay; and (2) untimely. In considering Cantu's Motion to Reconsider, the Court examines only whether Cantu's Second Amended Original Petition meets the pleading requirements under Rule 8. The Court does not

---

[4] Defendants' first cited authority is *Jones v. Alcoa, Inc*., which states: "'The court will not accept conclusory allegations concerning the legal effect of the events plaintiff has set out if these allegations do not reasonably follow from his description of what happened, or if these allegations are contradicted by the description itself.'" *Jones v. Alcoa, Inc.*, 353 F.3d 359, 363 n.5 (5th Cir. 2003) (quoting 5A CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1990)). *Jones* talks nothing about whether to construe as true facts alleged in a complaint. Rather, *Jones* talks about how a court should not accept legal conclusions when they do not reasonably follow from the alleged facts. Defendants' second cited authority is *Gersten v. Rundle*. *Gersten* notes that there are exceptions to the rule of construing a complaint in the light most favorable to the plaintiff, "such as when the facts alleged are internally inconsistent." *Gersten v. Rundle*, 833 F.Supp. 906, 910 (S.D. Fla. 1993). Defendants' argument is based on the fact that Cantu's pleadings, motions, affidavits and statements in transcripts are inconsistent. However, the exception applies when the facts in *a pleading* are internally inconsistent, which is not the case with respect to Cantu's Second Amended Original Petition, the relevant pleading under consideration. Defendants' third and last cited authority is *Westlands Water Dist. v. U.S. Dep't of Interior*. *Westlands* discusses another exception that applies when a complaint contradicts facts which may be judicially noticed. *Westlands Water Dist. v. U.S. Dep't of Interior*, 805 F.Supp. 1503, 1507 (E.D. Cal. 1992). Facts which may be judicially noticed refer to matters of public record, such as records and reports of administrative bodies. *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Defendants point to Cantu's First Amended Original Petition, Cantu's Motion to Reconsider, and Cantu's in-court statements as contradicting Cantu's Second Amended Complaint. The Court declines to take judicial notice of these records as Cantu amended his complaint as ordered by the Court.

consider any other statements, such as those in the two affidavits. As a result, Defendants' objections are irrelevant.

## Conclusion

For the reasons stated above, the Court grants Cantu's Motion to Reconsider and vacates its Order Dismissing the Case (docket no. 39). Because the Court considered only whether Cantu's pleading met the requirements of Rule 8 in its original dismissal order, the balance of the arguments in Defendants' Motion to Dismiss is reinstated (docket no. 28). Cantu is ordered to respond to the remaining arguments by April 30, 2009. All motions mooted by the dismissal order are also reinstated. The Court will issue a separate order.

SIGNED **April 17, 2009.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE